BRYAN T. DAKE
JULIE R. PATTEN
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone:     (406) 657-6101
FAX:       (406) 657 6989
E-mail:    Bryan.Dake@usdoj.gov
           Julia.Patten@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. JOSEPH JOHN SIMPSON, Defendant. | CR 23-91-BLG-SPW<br><br>OFFER OF PROOF |
|---|---|

The United States of America, represented by Bryan T. Dake and Julie R. Patten, Assistant United States Attorney for the District of Montana, files its Offer of Proof in anticipation of the Change of Plea hearing scheduled for September 25, 2023.

1

## THE CHARGE

The defendant, Joseph John Simpson, is charged by indictment with count 1 conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 846; count 2 possession with intent to distribute methamphetamine in violation of 21 U.S.C § 841(a)(1) and 18 U.S.C. § 2; and count 3 possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c).

## PLEA AGREEMENT

Simpson will plead guilty to count 2 of the indictment. The United States presented all formal plea offers to the defendant in writing. The plea agreement entered into by the parties and filed with the court represents, in the government's view, the final and the most favorable offer extended to the defendant. *See Missouri v. Frye,* 566 U.S. 134, 145-46 (2012).

## ELEMENTS OF CHARGE

In order for Simpson to be found guilty of Count 2, possession with intent to distribute methamphetamine, the United States must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine; and

Second, the defendant possessed it with the intent to distribute it to another person.

Finally, while not a formal element of the offense, the government must prove beyond a reasonable doubt that the distribution involved 50 grams or more of actual methamphetamine.

**PENALTY**

Count 2 carries a penalty of a mandatory minimum ten years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment.

The defendant also agrees to plead true to the forfeiture allegation in the indictment, as described in the plea agreement.

**ANTICIPATED EVIDENCE**

If this case were tried in United States District Court, the United States would prove the following:

From approximately May 2022 to July 2023, multiple individuals associated with the Northern Cheyenne Indian Reservation provided information to the Drug Enforcement Agency (DEA), Bureau of Indian Affairs (BIA) and FBI which described Simpson as a distributor of methamphetamine on the Northern Cheyenne and elsewhere, including some who personally purchased methamphetamine from him. Simpson was affiliated with a large-scale, multiple-state, narcotics trafficking

investigation centered on multiple properties on the Crow Indian Reservation. The properties, including one referred to as Spear Siding, were a source of supply of methamphetamine for individuals, including Simpson.

In the early morning hours of July 13, 2023, a BIA police officer in Lame Deer observed a black pickup truck driven by a single individual, which appeared to be a stolen vehicle. The officer pulled behind the truck, but the truck fled. The truck was stopped and the driver and sole occupant, Simpson, was taken into custody. Simpson had approximately eight grams of methamphetamine, a glass pipe, and $328 dollars on his person. The officer also observed four firearms and ammunition in the truck.

A search warrant was obtained. A duffel bag was found inside the truck containing, in part, Simpson's Northern Cheyenne Tribal ID card, a scale caked with possible methamphetamine residue, multiple plastic baggies, approximately $305 in cash, and approximately one pound of a white crystalline substance which field-tested positive for methamphetamine. An Uzi-type submachine gun was also found. A lockbox was opened, which contained $9,120 in cash and an additional approximate one pound of a white crystalline substance which field-tested positive for methamphetamine.

Simpson waived Miranda and spoke to law enforcement. He admitted to selling methamphetamine. When asked how much methamphetamine he obtained when he "re-ups", he replied, "It depends, I mean…You guys kinda shut me down cause, I mean…[co-defendants] got…They were done so, I mean I didn't have…" Simpson was referring to the group affiliated with Spear Siding who were his source of supply and were recently arrested.

DATED this 18th day of September, 2023.

        JESSE A. LASLOVICH
        United States Attorney

        */s/ Bryan T. Dake*
        BRYAN T. DAKE
        Assistant U.S. Attorney

        */s/ Julie R. Patten*
        JULIE R. PATTEN
        Assistant U.S. Attorney